JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 15-04038-RGK (FFMx)** | Date | August 6, 2015 |
|---|---|---|---|
| Title | *ADAN ORTIZ v. RANDSTAD INHOUSE SERVICES LP, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On May 29, 2015, Defendant Randstad Inhouse Services LP ("Randstad") removed this action from the Los Angeles County Superior Court to the United States District Court, Central District of California on the basis of diversity jurisdiction.

Subject matter jurisdiction based on 28 U.S.C. § 1332 requires complete diversity between parties and an amount in controversy exceeding $75,000. "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A court may ignore a sham defendant's presence in the lawsuit for purposes of diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A party is fraudulently joined, or a "sham defendant," "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987)). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, under controlling state law, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir.1989). A court may look beyond the pleadings to determine if a defendant is fraudulently joined, but "a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir.1998). Where a defendant invokes diversity jurisdiction on the ground of a fraudulently joined defendant, the removing defendant bears the heavy burden of showing that the settled rules of California clearly prevent the plaintiff from maintaining causes of action against the non-diverse defendant(s). Not only is there a general presumption against fraudulent joinder, but fraudulent joinder must also be shown by clear and convincing evidence. *Hamilton Materials*, 494 F.3d at 1206.

      This is an employment discrimination case wherein Plaintiff alleges that, as a result of his disability, Randstad discriminated against him and wrongfully terminated his employment. In the Complaint, Plaintiff also alleges a claim for Intentional Infliction of Emotional Distress against his former supervisor, Gardenia Virgen. Randstad states that, although Defendant Virgen is a California citizen, she is fraudulently joined, and should not be considered for purposes of determining diversity jurisdiction. However, based on the face of the Complaint, it is not clear that Defendant Virgen was fraudulently joined. There is no dispute that in California, a plaintiff can maintain a claim against his supervisor for intentional infliction of emotional distress; a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *See Nasrawi v. Buck Consultants, LLC*, 776 F.Supp. 2d 1166, 1170. Randstad has failed to make such a showing.

      For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

      **IT IS SO ORDERED.**

                                  :

Initials of Preparer